Citation Nr: 1443664 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 07-15 299 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUES

1. Entitlement to service connection for chronic lymphocytic leukemia (CLL), to include as due to exposure to environmental hazards in the Persian Gulf War or as due to a qualifying chronic disability (to include a chronic multi-symptom illness).

2. Entitlement to service connection for skin cancer, to include basal cell carcinoma, to include as secondary to CLL.

3. Entitlement to service connection for chronic or recurrent pneumonia, to include as secondary to CLL.

4. Entitlement to service connection for a disability manifested by enlarged lymph nodes, to include as secondary to CLL.

5. Entitlement to service connection for a disability manifested by an enlarged spleen, to include as secondary to CLL. 




REPRESENTATION

Appellant represented by: Robert V. Chisholm, Chisholm Chisholm & Kirkpatrick LTD


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

William L. Puchnick, Counsel


INTRODUCTION

The Veteran had active service from May 1963 to March 1965 and from November 1990 to May 1991, including a tour of duty in Southwest Asia from January 1991 to May 1991. 

This matter arises before the Board of Veterans' Appeals (Board) on appeal from a July 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California, which adjudicated the claims as brokered work. In evaluating this case, the Board has reviewed the Veteran's physical claims file, as well as the Veteran's electronic file on the "Virtual VA" and "VBMS" systems, to ensure a complete review of the evidence in this case. 

The Veteran and his wife testified before the Board in July 2007. A transcript of the hearing is of record. 

In November 2008, the Board remanded the claims for additional development. In July 2010, the Veteran was informed that the Board member who conducts a hearing must participate in any decision on that appeal; however, the Board member who presided over his hearing had retired and was no longer employed by the Board. The Veteran was then informed that the Board could make a decision on the record, but offered him the opportunity to testify at another hearing if he desired one. See 38 C.F.R. §§ 20.707, 20.717 (2013). He was further informed that if he did not respond to the letter within 30 days, the Board would assume that he did not want another hearing. As more than 30 days passed without a response, it was assumed that the Veteran did not want another Board hearing. 

In November 2010, the Board remanded the case in order to obtain a VA examination and opinion. Following completion of the requested development, in a November 2013 decision the Board denied the Veteran's claims for entitlement to service connection for: (1) CLL, to include as due to exposure to environmental hazards in the Persian Gulf War; (2) skin cancer, to include basal cell carcinoma, as secondary to CLL; (3) chronic or recurrent pneumonia, to include as secondary to CLL; (4) entitlement to service connection for a disability manifested by enlarged lymph nodes, to include as secondary to CLL; and (5) entitlement to service connection for a disability manifested by an enlarged spleen, to include as secondary to CLL. 

The Veteran appealed the aforementioned claims to the U.S. Court of Appeals for Veterans Claims (Court). In April 2014, VA's General Counsel and the Veteran (through his attorney) filed a Joint Motion for Partial Remand (JMR) with respect to the appealed claims. By an Order dated in that same month, the Court granted the JMR, and the issues of entitlement to service connection for: (1) CLL, to include as due to exposure to environmental hazards in the Persian Gulf War; (2) skin cancer, to include basal cell carcinoma, as secondary to CLL; (3) chronic or recurrent pneumonia, to include as secondary to CLL; (4) entitlement to service connection for a disability manifested by enlarged lymph nodes, to include as secondary to CLL; and (5) entitlement to service connection for a disability manifested by an enlarged spleen, to include as secondary to CLL, were remanded to the Board for action consistent with the JMR. 

A July 2014 submission by the Veteran's attorney contains additional argument and evidence with regard to the claims presently on appeal. The Veteran's attorney provided a waiver of initial RO consideration for the new evidence submitted.

The July 2014 submission raises a claim for entitlement to service connection for spontaneous polycystic kidney disease, to include as secondary to exposure to environmental hazards of the Persian Gulf War. However, this issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2013). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

As previously noted, a JMR was filed in this case in April 2014. Therein, the parties agreed to remand the issue of entitlement to service connection for CLL, to include as due to exposure to environmental hazards in the Persian Gulf War, pursuant to the Court's decision in Polovick v. Shinseki, 23 Vet.App. 48, 55 (2009), where the Court found that "[t]o permit the denial of service connection for a disease on the basis that it is not likely there is any nexus to service solely because the statistical analysis does not support presumptive service connection would, in effect, permit the denial of direct service connection simply because there is no presumptive service connection." The parties directed that the Board should provide adequate reasons or bases to support its conclusion in November 2013 that the February 2011 VA examination was adequate-despite the examiner's conclusion that there was a less than 50 percent probability that the Veteran's CLL began during or was otherwise attributable to service to include exposure to environmental hazards or vaccines during the Persian Gulf War. The JMR sought remand of the remaining four issues currently on appeal as being intertwined with the claim for CLL. 

In his subsequent July 2014 submission, the Veteran's attorney contended that Veteran's CLL (diagnosed in April 2006) is a "medically-unexplained chronic multisymptom illness" (MUCMI) entitling the Veteran to presumptive service connection pursuant to 38 U.S.C.A. § 1117(a)(2)(B). Counsel also cited 38 C.F.R. § 3.317(a)(6) ("A qualifying chronic disability referred to in this section shall be considered service connected for purposes of all laws of the United States") for his request for a grant of presumptive service connection for CLL. 

38 U.S.C.A. § 1117(a)(2)(B) states that a "qualifying chronic disability" for which the Secretary may pay compensation to a Persian Gulf Veteran includes a MUCMI (such as chronic fatigue syndrome, fibromyalgia, and irritable bowel syndrome) that is defined by a cluster of signs or symptoms. Section (a)(2)(C) includes "any diagnosed illness that the Secretary determines in regulations prescribed under subsection (d) warrants a presumption of service connection."

38 C.F.R. § 3.317 (Compensation for Certain Disabilities Occurring in Persian Gulf Veterans) provides at (2)(i)(B) that a qualifying chronic disability includes "A medically unexplained chronic multisymptom illness that is defined by a cluster of signs or symptoms, such as: (1) Chronic fatigue syndrome; (2) Fibromyalgia; (3) Functional gastrointestinal disorders (excluding gastrointestinal disease)." 38 C.F.R. § 3.317(a)(2)(ii) states "For purposes of this section, the term medically unexplained chronic multisymptom illness means a diagnosed illness without conclusive pathology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities." 

Service connection may be established on a presumptive basis for a Persian Gulf veteran who exhibits objective indications of chronic disability resulting from undiagnosed illness that became manifest either during active service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2016, and which by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis. 38 U.S.C.A. § 1117 (West 2002); 38 C.F.R. § 3.317(a)(1) (2013) (VA has issued an interim final rule extending this date to December 31, 2016).

For purposes of 38 C.F.R. § 3.317 , there are three types of qualifying chronic disabilities: (1) an undiagnosed illness; (2) a medically unexplained chronic multi symptom illness; and (3) a diagnosed illness that the Secretary determines in regulations prescribed under 38 U.S.C.A § 1117(d) warrants a presumption of service connection. An undiagnosed illness is defined as a condition that by history, physical examination, and laboratory tests cannot be attributed to a known clinical diagnosis. In the case of claims based on undiagnosed illness under 38 U.S.C.A. § 1117 and 38 C.F.R. § 3.317. 

"Objective indications of chronic disability" include both "signs," in the medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. 38 C.F.R. § 3.317(a)(3). Signs or symptoms that may be manifestations of undiagnosed illness or medically unexplained chronic multisymptom illness include, but are not limited to, the following: (1) fatigue; (2) signs or symptoms involving skin; (3) headache; (4) muscle pain; (5) joint pain; (6) neurologic signs or symptoms; (7) neuropsychological signs or symptoms; (8) signs or symptoms involving the respiratory system (upper or lower); (9) sleep disturbances; (10) gastrointestinal signs or symptoms; (11) cardiovascular signs or symptoms; (12) abnormal weight loss; and (13) menstrual disorders. 38 C.F.R. § 3.317(b) .

The Veteran contends that his CLL began during service, citing his elevated white blood cell count upon return from service in 1994, three years after his discharge. The February 2011 VA examination noted that the Veteran's white blood count during service was normal and there was no other complete blood count (CBC) until 1994-when it was elevated. The February 2011 examiner also noted multiple post-service complaints of fatigue, headaches and trouble concentrating (fatigue and headaches are listed signs/symptoms at section 3.317(b)). 

The Veteran has also cited several risk factors such as vaccines and environmental toxins to which he was exposed during the Persian Gulf War as the cause for his developing CLL. See February 5, 2006 statement (discussing anthrax and botulism vaccinations, water for showers being hauled in fuel trucks, exposure from smoke in nearby oil well which had been set afire, in addition to exposure to pesticides/insecticides/herbicides). 

Upon evaluation of the arguments presented by the Veteran's attorney in his July 2014 submission, viewed in conjunction with the February 2011 VA examination and etiological opinion contained therein, the Board finds that an addendum (supplemental) opinion should be obtained. See generally Barr v. Nicholson, 21 Vet.App 303, 311 (2007).

Accordingly, the case is REMANDED for the following action:


1. Return the Veteran's claims file, including a copy of this REMAND, to the examiner who conducted the February 2011 VA examination (or, if unavailable, by a suitable replacement) to assist in determining the nature and etiology of the current chronic lymphocytic leukemia (CLL). 

After the review of the claims file (including, if necessary, an interview with the Veteran, a physical examination, and any further development as deemed appropriate), the VA examiner should provide an opinion as to whether the Veteran's disability pattern is: (1) an undiagnosed illness, (2) a diagnosable but medically unexplained chronic multi-symptom illness of unknown etiology, (3) a diagnosable chronic multisymptom illness with a partially explained etiology, or (4) a disease with a clear and specific etiology and diagnosis. If the examiner determines that the Veteran's disability pattern is either (2) a diagnosable but medically unexplained chronic multi-symptom illness of unknown etiology, or (3) a diagnosable chronic multisymptom illness with a partially explained etiology, the examiner should provide a medical opinion, with supporting rationale, as to whether it is at least as likely as not that the disability pattern or diagnosed CLL is related to the Veteran's service in Southwest Asia (to include environmental hazards). 

If and only if, the examiner determines that the Veteran's CLL is related to the Veteran's service in Southwest Asia, he or she should then determine whether it is at least as likely as not that the claimed: (1) skin cancer (to include basal cell carcinoma); (2) chronic or recurrent pneumonia; (3) a disability manifested by enlarged lymph nodes; and (4) a disability manifested by an enlarged spleen are caused by or aggravated by the service-related CLL. 

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it. 

A rationale should be given for all opinions and conclusions rendered. The opinions should address the particulars of this Veteran's medical history and the relevant medical science as applicable to this claim. 

2. After completion of the above and any additional development deemed necessary, the claims of entitlement to service connection for CLL, to include as due to exposure to environmental hazards in the Persian Gulf War or as due to a qualifying disability (including a chronic multisymptom illness) in addition to the Veteran's claims for entitlement to service connection for skin cancer, chronic or recurrent pneumonia, a disability manifested by enlarged lymph nodes, and a disability manifested by an enlarged spleen (all to include as secondary to CLL) should be readjudicated in light of all the evidence of record. If the determination remains adverse to the Veteran, he and his representative should be furnished with a Supplemental Statement of the Case. An appropriate period of time should then be allowed for a response before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet.App 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
K.J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).